IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02783–CMA–KMT

PAMELA ARMSTEAD,

    Plaintiff,

v.

KIM DAY,
DONALD WOOD,
DENVER DEPARTMENT OF AVIATION,
CITY AND COUNTY OF DENVER, and
ONE OR MORE JOHN DOES,

    Defendants.

## ORDER

    This matter is before the court on "Defendants' Motion to Amend Answer" (Doc. No. 22, filed May 11, 2011).

    Plaintiff's Complaint alleges violations of 42 U.S.C. §§ 1981 and 1983. Defendants, based on information obtained during discovery, wish to amend their Answer to add an affirmative defense related to Plaintiff's secondary employment while she also was employed by the City and County of Denver.

    Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley*

*Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendants represent that the Motion is opposed.  However, Plaintiff did not file a response.  The deadline for joining parties and amending pleadings was set by this court at May 13, 2011. (Doc. No. 16.)  Therefore, Defendants' Motion is timely.  Further, the case is in the early stages of litigation.  Moreover, upon review of the proposed Amended Answer and the Motion, the court finds that there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

**ORDERED** that "Defendants' Motion to Amend Answer" (Doc. No. 22) GRANTED.

The Clerk of Court shall file "Defendants' Amended Answer to Complaint" (Doc. No. 22-1).

Dated this 7th day of June, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge